IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-285-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| WINSTON ANTONIO EVANS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. The defendant presented the testimony of the proposed third-party custodian, his aunt. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a five-count indictment on 29 August 2012 with: distribution of a quantity of heroin on or about 22 February 2012 (ct. 1), 12 March 2012 (ct. 3), and 15 March 2012 (ct. 4) in violation of 21U.S.C. § 841(a)(1); distribution of a quantity of heroin in, on, and within one thousand feet of real property comprising a public high school on or about 24

February 2012 in violation of 21 U.S.C. §§ 841(a)(1) and 860 (ct. 2); and possession of a firearm in furtherance of a drug trafficking crime on 15 March 2012 in violation of 18 U.S.C. § 924(c)(1) (ct. 5). The evidence presented at the hearing showed that the charges arise from controlled purchases of heroin and, in the one instance, a firearm from defendant by a confidential informant on the alleged offense dates. The 24 February 2012 transaction purportedly occurred, at defendant's request, in the parking lot of the high school where he worked as a teacher's assistant. He conducted the other transactions at his home. The transactions were audio and video recorded. At some point, defendant told the confidential informant he was looking for couriers other than students because they were not reliable.

In post-arrest statements, defendant admitted to two of the transactions. He further admitted to arranging with his supplier, who was in Maryland, where defendant lived until five years ago, for overseas shipments of heroin to be sent to defendant's home address.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant presented sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of four of the offenses charged and the gun-related nature of the additional charge; the circumstances of the offenses charged, including defendant's commission of the alleged offenses while a teacher's assistant at a public high school, his conduct of one of the transactions on school property, his conduct of the remaining transactions at his home (suggesting his inclination to use the custodial home for that purpose),

the interstate and international nature of the supply chain for the heroin he was trafficking, and the substantial prison term defendant faces if convicted; the unsuitability of the proposed third-party custodial arrangement due to her work obligations as a substitute teacher and the extent of the risk of danger and flight presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's lack of a criminal record, employment history, and family ties to the area. It finds, however, that the factors favoring detention outweigh such evidence.

## **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 10th day of September 2012.

_____
James E. Gates
United States Magistrate Judge